UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTONIO PASULO,
    Plaintiff,

v().                              Case No.:  3:23cv24660/MCR/ZCB

HANCOCK WHITNEY BANK, et al.,
    Defendants.
                                          /

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, commenced this action by filing a complaint and paying the filing fee. (Docs. 1, 2). He named Hancock Whitney Bank and six individuals as Defendants. (Doc. 1 at 1). On October 27, 2023, the Court issued an order requiring Plaintiff show cause why his case should not be dismissed for lack of jurisdiction within fourteen days. That deadline has passed and Plaintiff has failed to respond. Because the Court lacks subject matter jurisdiction over Plaintiff's complaint, this matter should be dismissed.

Federal courts are courts of limited jurisdiction. *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000). If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction

1

is based upon either federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332; *Walker v. Sun Trust Bank*, 363 F. App'x 11, 15 (11th Cir. 2010).

Federal question jurisdiction exists when an action arises under federal law. 28 U.S.C. § 1331. Actions arise under federal law "when a federal question is presented on the face of" the well-pleaded complaint, such as when federal law creates the cause of action that entitles the plaintiff to relief. *Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005); *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001). Claims based on state law generally do not confer federal question jurisdiction. *See Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

A second way to invoke federal subject matter jurisdiction is through diversity jurisdiction. Diversity jurisdiction exists when the parties are residents of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Diversity jurisdiction requires the parties be "completely diverse," meaning the plaintiff and defendant cannot be citizens of the same state. *Underwriters at Lloyd's v. Osting-Schwinn*, 613 F.3d 1079, 1085-86 (11th Cir. 2010).

The burden to establish federal subject matter jurisdiction rests on the party asserting it. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam). Before dismissing a case for lack of subject matter jurisdiction, the court should provide the plaintiff with notice and an opportunity to respond. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

Having reviewed Plaintiff's complaint, it provides no basis for federal subject matter jurisdiction. Plaintiff does not reference federal law anywhere in his complaint. Rather, he references only Florida's statute for punitive damages. Plaintiff also fails to establish diversity jurisdiction. Plaintiff alleges that he is a resident of Florida and that several of the Defendants are also residents of Florida. (Doc. 1 at 1). Thus, he has not established complete diversity. Before recommending dismissal for lack of subject matter jurisdiction, the Court provided Plaintiff with notice and an opportunity to respond by way of the show cause order. Plaintiff had until November 10, 2023 to show cause why his case should not be dismissed for lack of subject matter jurisdiction. He did not respond.

For the reasons above, it is respectfully **RECOMMENDED** that:

1.   This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2.   The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 17th day of November 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice To The Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.